## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00332-STV

HISSEIN SEIRO YAYA,

     Plaintiff,

v.

JUAN BALTAZAR;
ROBERT HAGAN;
KRISTI NOEM;
TODD LYONS; and
PAM BONDI,

     Defendants.

_____

## ORDER
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Petitioner Hissein Seiro Yaya's Petition for Writ of Habeas Corpus (the "Petition") and his Motion for Temporary Restraining Order (the "Motion") [##1, 2]. The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [##15, 16] In his Petition, Mr. Yaya seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his prolonged detention in Immigration and Customs Enforcement ("ICE") custody. [#1] Mr. Yaya seeks a writ ordering Respondents to release him from ICE custody. [*Id.*] For the following reasons, Mr. Yaya's Petition is **GRANTED**, and the Motion is **DENIED** as moot.

## I.    BACKGROUND

The parties do not appear to dispute most of the material facts of Mr. Yaya's immigration history.  [See ##1 at ¶¶ 20-25; 18 at 2-3]  The Court notes where the material facts differ.

Mr. Yaya is a 24-year-old man who is a national and citizen of Chad.  [##1 at ¶¶ 12, 20; 18 at 2]  Mr. Yaya's father was a political prisoner in Chad who died when Mr. Yaya was three years old.[1]  [#1 at ¶ 20]  Various other family members of Mr. Yaya, such as his paternal grandfather, have acted as political dissidents to the Chadian government.  [*Id.*]  After his great grandmother was assassinated, Mr. Yaya himself began to participate in political opposition while continuing his education as a University student.  [*Id.*]  Several years later, Mr. Yaya's grandfather was assassinated.  [*Id.* at ¶ 21]  Immediately after his death, Mr. Yaya was taken from his home and brought to an unknown detention center.  [*Id.*]  At this center, Mr. Yaya was subjected to violent beatings on numerous occasions.  [*Id.*]  After he became sick, Mr. Yaya was released by the Chadian government.  [*Id.*]  When he returned home, Mr. Yaya learned his cousins had been captured and taken to another prison.  [*Id.* at ¶ 22]

On July 10, 2024, Mr. Yaya entered the United States through the country's southern border without inspection.  [*Id.* at ¶ 23; #19 at ¶ 5]  Mr. Yaya states, and Respondents do not provide further comment, that his biological uncle, Mr. Ahmed Abakar Gardi, who is a United States citizen, is living in Fort Wayne, Indiana with his

---

[1] The remaining facts in this paragraph are asserted by Mr. Yaya in the Petition and were not contested in Respondents' Response.

family.  [#1 at ¶ 25]  Mr. Yaya states that Mr. Abakar Gardi is willing to sponsor Mr. Yaya. [*Id.*]

On July 24, 2025, an Immigration Judge ("IJ") granted Mr. Yaya withholding because the IJ found it "more likely than not" that Mr. Yaya would be tortured if returned to Chad.  [##1 at ¶ 23; 18 at 3]  His removal order became final that same day because both Mr. Yaya and the Department of Homeland Security ("DHS") waived appeal.  [##1 at ¶ 23; 18 at 3]  Mr. Yaya remained in custody an additional four months before he received an ICE interview in December 2025.  [##1 at ¶ 24; 18 at 3]  Thereafter, Mr. Yaya states that neither he nor his counsel received any information regarding Mr. Yaya's custody status.  [#1 at ¶ 24]  Mr. Yaya remains detained under 8 U.S.C. § 1231(a) in Respondents' custody at the Denver Contract Detention facility in Aurora, Colorado.  [#1 at ¶ 24]  Respondents have not identified a third country willing to accept Mr. Yaya.  [#1 at ¶ 43; 18 at 6]

The Petition includes three claims.  First, Mr. Yaya brings a claim for unlawful post-final order detention in violation of 8 U.S.C. 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  [#1 at ¶¶ 53-56]  Second, Mr. Yaya brings a claim for unlawful post-final order detention in violation of the substantive due process clause of the Fifth Amendment of the U.S. Constitution.  [*Id.* at ¶¶ 57-61]  Third, Mr. Yaya brings a claim for unlawful post-final order detention in violation of the procedural due process clause of the Fifth Amendment of the United States Constitution.  [*Id.* at ¶¶ 62-65]

## II.    LEGAL STANDARD

### A.    Habeas Corpus under 28 U.S.C. § 2241

Section 2241 authorizes courts to adjudicate a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."  *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at *3 (D. Colo. Dec. 17, 2025) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "The writ of habeas corpus is designed to challenge 'the fact or duration' of a person's confinement."  *Ramirez v. Bondi*, No. 25-cv-1002-RMR, 2025 WL 1294919, at *3 (D. Colo. May 5, 2025) (quoting *Preiser*, 411 U.S. at 500).

"Habeas corpus proceedings under § 2241 'remain available as a forum for statutory and constitutional challenges to post-removal-period detention' effectuated under § 1231(a)(6)."  *Juarez v. Choate*, No. 1:24-cv-00419-CNS, 2024 WL 1012912, at *3 (D. Colo. Mar. 8, 2024) (quoting *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024)).  "[A] noncitizen may bring a habeas petition under this section if his or her confinement violates the Fifth Amendment's guarantee of due process."  *Id.* (citing *Diaz-Ceja v. McAleenan*, No. 19-cv-00824-NYW, 2019 WL 2774211, at *3 (D. Colo. July 2, 2019)).

### B.    Post-Removal Detention under 8 U.S.C. § 1231

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  This 90-

4

day period is referred to as the "removal period." *Id.* Generally, "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under" certain regulations. *Id.* § 1231(a)(3). However, some noncitizens, including those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal, "may be detained beyond the removal period." *Id.* § 1231(a)(6). "The text of the INA does not contain an express limit on the duration a noncitizen may be detained under its authority." *Juarez*, 2024 WL 1012912, at *3. In addition, "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's . . . political opinion." 8 U.S.C. § 1231(b)(3)(A).

### C. Temporary Restraining Order

"The standard for a [temporary restraining order] is the same as that for a preliminary injunction." *Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1091 (D. Colo. 2020) (citing *Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002)). To obtain a temporary restraining order or preliminary injunction, the moving party must show "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). The moving party must demonstrate that "all four of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013) (quotation omitted), and a "plaintiff's failure to prove any one of the four preliminary injunction factors

5

renders its request for injunctive relief unwarranted," *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).

Preliminary injunctions that require the nonmoving party to take some affirmative action "are disfavored." *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883 (10th Cir. 2021). To obtain a "disfavored" injunction, the moving party must "make a heightened showing of the four factors." *Colorado v. Griswold*, 99 F.4th 1234, 1240 n.4 (10th Cir. 2024); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1209 (10th Cir. 2009). Because a preliminary injunction is "an extraordinary remedy never awarded as of right," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), the moving party's right to relief must be "clear and unequivocal," *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

## III.    ANALYSIS

In his Petition, Mr. Yaya argues that because there is no significant likelihood of his removal from the United States in the reasonably foreseeable future, his immediate release is required under Section 1231(a)(6) as that statute was interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). [#1 at ¶ 43] "In *Zadvydas*, the [United States] Supreme Court found that § 1231 contains an implicit temporal limitation to avoid running afoul of due process concerns." *Ali v. Baltazar*, No. 1:25-cv-03317-RBJ, 2026 WL 322565, at *3 (D. Colo. Jan. 27, 2026) (citing 533 U.S. at 690). "Because the purpose of civil immigration detention following a final order of removal is to effectuate removal, 'once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 699).

6

"The Supreme Court recognized a presumptively reasonable period of six months" of detention.  *Id.* (citing *Zadvydas*, 533 U.S. at 701); *see also Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 937 (D. Colo. 2025); *Chennah v. Baltazar*, No. 1:26-cv-00112-CNS, 2026 WL 179951, at *1 (D. Colo. Jan. 23, 2026); *Juarez*, 2024 WL 1012912, at *4 (D. Colo. Mar. 8, 2024).  When a petitioner's detention exceeds the six-month presumptively reasonable period, the "[p]etitioner must provide 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Chennah*, 2026 WL 179951, at *1 (quoting *Zadyvdas*, 533 U.S. at 701).  Once the petitioner does so, "the Government must respond with evidence sufficient to rebut that showing."  *Fadwa v. Lyons*, No. 25-cv-03660-PAB, 2025 WL 3525026, at *2 (D. Colo. Dec. 9, 2025) (quoting *Zadvydas*, 533 U.S. at 701).  "If the government meets its burden, continued detention is permitted; however, if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released."  *Id.* (citing *Zadvydas*, 533 U.S. at 701).

Here, Petitioner has been detained for over six months since his removal order became final on July 24, 2025.  [##1 at ¶¶ 23-24; 18 at 3]  Thus, the presumptively reasonable six-month timeframe for effecting his removal under *Zadvydas* has expired. Respondents appear to claim that Mr. Yaya has not met his burden to provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  [#18 at 6]  But the parties agree that Mr. Yaya cannot be removed to Chad.  [##1 at ¶ 23; 18 at 3]  Since the order for Mr. Yaya's removal was issued, Mr. Yaya has remained in custody and there has been no indication that ICE has made any efforts to remove Mr. Yaya beyond evaluating third countries.  [#18 at 6]  Indeed, in Respondents'

supplemental briefing filed after the six-month period had expired, Respondents admitted that they "do not have additional information to bring to the Court's attention." [#24 at 1] In such cases, courts find that a petitioner has met their burden and respondents must present sufficient evidence to show that removal is likely. *See, e.g., Chennah*, 2026 WL 179951, at *2 (finding that the petitioner had met his burden when he did not have any travel documents to any other country and respondents' removal efforts were at best haphazard); *Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *4 (D. Colo. Nov. 19, 2025) (finding that a petitioner had met their burden by showing that after an IJ ordered withholding of removal, ICE had made no efforts to remove the petitioner beyond soliciting acceptances from third countries).

Thus, the burden shifts to the Respondents to rebut Mr. Yaya's showing. *Fadwa*, 2025 WL 3525026, at *2. And Respondents provide little evidence showing a significant likelihood of removal in the reasonably foreseeable future. Respondents claim that ICE has been "pursuing" Mr. Yaya's removal to a third country. [#18 at 6] Respondents further state that the "U.S. State Department and DHS are working to evaluate and select a third country for removal." [#18 at 6] And they request that they be permitted to submit a status report within 30 days given that removal efforts are ongoing. [*Id.*; #24 at 2]

The Court is not persuaded. Courts have found that "[t]he remote prospect of removal–to a hypothetical third country that may eventually choose to accept [a petitioner]–does not make [that] [p]etitioner's removal reasonably foreseeable." *Jimenez Chacon v. Lyons*, No. 2:25-cv-966-DHU-KBM, 2025 WL 3496702, at *7 (D.N.M. Dec. 4, 2025). And the Court finds it particularly concerning that here, like in other cases, Respondents fail to "even identify a third country to deport [a petitioner] to." *Chennah*,

2026 WL 179951, at *2 (quoting *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *3 (S.D. Cal. Dec. 10, 2025)). Like in *Ahrach*, Respondents here do not identify which countries they might contact and list no concrete steps they will take to effectuate Mr. Yaya's timely removal. *Ahrach*, 2025 WL 3227529, at *5. And, while Respondents offer to provide a status report in thirty days providing an update on their progress, they do not explain what they will be doing over those thirty days or how such additional time may bring them closer to removing Mr. Yaya. *Id.* Indeed, in their supplemental briefing filed 26 days after they made their request for thirty days to file a status report, Respondents admitted that they "do not have additional information to bring to the Court's attention." [#24 at 1]

At this point, more than six months have passed and it is not clear that any country has been so much as contacted regarded Mr. Yaya's removal. And Respondents do not provide any sort of time frame for effectuating removal or explain how long it may take to identify a third country or coordinate with that country. In such cases, courts grant habeas petitions under *Zadvydas*. *See Ahrach*, 2025 WL 3227529, at *5 (granting a habeas petition when respondents failed to identify a third country to which petitioner could be removed or any concrete steps they were taking to secure petitioner's removal); *Aguilar v. Noem*, No. 25-cv-03463-NYW, 2025 WL 3514282, at *5-6 (D. Colo. Dec. 8, 2025) (granting a habeas petition after finding respondents' statement that ICE was pursuing third country removal options was insufficient to meet respondents' burden when no concrete steps or third countries were identified); *Jimenez Chacon*, 2025 WL 3496702, at *9-10 (granting a habeas petition after finding that respondents did not meet their

burden because they provided no indication that a third country would be likely to accept the petitioner in the reasonably foreseeable future).

Here, Respondents have not provided evidence that removal is likely in the foreseeable future. Accordingly, they have not rebutted Mr. Yaya's showing that removal is not likely in the reasonably foreseeable future. Mr. Yaya has been in post-removal order detention for over six months, and the Court finds that his continued detention contravenes *Zadvydys*. Therefore, the Court GRANTS Mr. Yaya's habeas petition and orders his release. The Court DENIES Mr. Yaya's Motion for Temporary Restraining Order as moot because it requests that the Court issue a temporary restraining order compelling Respondents to release Mr. Yaya and to enjoin his removal during the pendency of this habeas case.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Yaya's Petition for Writ of Habeas Corpus [#1] is **GRANTED**, and the Motion for Temporary Restraining Order [#2] is **DENIED** as moot. Mr. Yaya shall be released from custody on or before March 18, 2026.

DATED:  March 12, 2026                          BY THE COURT:

                                                s/Scott T. Varholak
                                                United States Magistrate Judge